**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **CHALLES LOFTON**, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:_____ |
| **HOTS, INC. D/B/A HOT'S GENTLEMAN'S CLUB**, **ANTHONY FRANK CATROPPA SR.**, and **KIMBERLY MILLS** individually, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1.     Defendants Hots, Inc. d/b/a Hot's Gentleman's Club ("Hot's"), Anthony Frank Catroppa Sr., and Kimberly Mills (hereinafter "Defendants"), required Plaintiff Challes Lofton and a class of similarly situated individuals (collectively, "Plaintiffs") to work as exotic dancers at their adult entertainment club, but refused to compensate them at the applicable minimum wage and denied them overtime compensation.

2.     Defendants misclassified dancers, including Ms. Lofton, as independent contractors. Plaintiffs' only compensation was in the form of tips from club patrons; the club paid no wages. In fact, Defendants required Plaintiffs to pay a "stage fee" in order to work in the club. Essentially, Defendants took money from Plaintiffs under the premise that they must pay to use the club's space to make money. Plaintiffs were also required to share their tips with Defendants and employees who do not customarily receive tips outside of a valid tip pool.

3.      As a result, Defendants failed to pay Ms. Lofton and all other members of the class minimum wage and overtime compensation, which they were entitled to under applicable state and federal wage laws.

4.      Plaintiff brings the above-entitled lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and as a class action under the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. §290.500, *et seq*., and common law to recover compensatory damages, including, but not limited to, backpay and restitution, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs owed to herself and similarly situated dancers employed by Defendants.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6.      Jurisdiction over Plaintiff's MMWL and common law claims are based on 28 U.S.C. §1367 (pendent claims) because they do not raise novel or complex issues of state law, and because they derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.      PARTIES AND PERSONAL JURISDICTION

8.      Plaintiff Challes Lofton is an individual residing in Neosho, Missouri. She worked for Defendants in Jane, Missouri consistently from approximately December 2016 to October 2019. Her consent to join this action is attached hereto as **Exhibit "A"**.

2

9.    Opt-in Plaintiffs are current or former exotic dancers who worked at Defendants' adult entertainment club within the applicable limitations period and file a consent to join this suit with the Court.

10.    The Rule 23 Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time from three years before this Complaint was filed to the present.

11.    Defendant Hots, Inc. is a Missouri for-profit corporation believed to be doing business as Hot's Gentleman's Club in Jane, Missouri at 36 Palomino Drive, Jane, Missouri 64856. Hot's, Inc. may be served via its registered agent, Defendant Kimberly Mills, at 39 Mills Drive, Powell, Missouri 65730.

12.    This Court has personal jurisdiction over Defendant Hots, Inc. because it is a Missouri corporation with its principal place of business in Missouri and is therefore considered a resident of Missouri.

13.    Defendant Kimberly Mills, the manager of Defendant Hots, Inc., is a resident of Missouri. She may be served at the adult entertainment club located at 36 Palomino Drive, Jane, Missouri 64856, or wherever else she may be found.

14.    Defendant Anthony Frank Catroppa Sr., the President of Defendant Hots, Inc., is a resident of Arkansas. He may be served at 8391 S Lakeshore Dr., Rogers, Arkansas 72756, or wherever else he may be found.

15.    This Court has personal jurisdiction over Defendant Catroppa since he purposefully availed himself of the privilege of conducting activities in Missouri and established minimum contacts sufficient to confer jurisdiction over him.

16.     The assumption of jurisdiction over Defendant Catroppa will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

17.     Defendant Catroppa had and continues to have systematic contacts with Missouri sufficient to establish general jurisdiction over him. Specifically, he conducted and still conducts business in Missouri by owning and operating the adult entertainment club in Jane, Missouri. Defendant Catroppa also employs workers and contracts with residents and businesses throughout Missouri.

18.     Plaintiff's claims in this case also arise from and/or relate to the contacts of Defendant Catroppa with Missouri residents, thereby conferring specific jurisdiction over him.

## IV.     COLLECTIVE AND CLASS ALLEGATIONS

**A.      FLSA Collective Action**

19.     Plaintiff brings Counts I-III as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who have been employed by Defendants as exotic dancers at their adult entertainment club at any time during the three years prior to commencement of this action to present.

20.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' practices of failing to pay entertainers federal minimum wage and overtime compensation, and for illegally confiscating their earnings through fees, fines, and tip-sharing requirements.

21.     Plaintiff has actual knowledge that FLSA Class Members, like her, have been denied pay at the federally mandated minimum wage rate. Specifically, she has first-hand knowledge that other dancers she worked with did not receive minimum wage. Further, other

4

dancers at Defendants' club have experienced similar pay violations as Plaintiff, including, but not limited to, not receiving minimum wage and overtime compensation, being required to pay fees and fines, and having tips confiscated.

22.     Other employees similarly situated to Plaintiff work or have worked for Defendants' adult entertainment club but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded 40 hours in a workweek. These same employees were also denied pay at the federally mandated minimum wage rate.

23.     FLSA Class Members perform or have performed the same or similar work as Plaintiff performed.

24.     FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

25.     As such, FLSA Class Members are similar to Plaintiff with respect to job duties, pay structure, misclassification as independent contractors, and/or the denial of minimum wage and overtime compensation.

26.     Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices rather than the personal circumstances of the FLSA Class Members.

27.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

28.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

29.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

30.     Although the exact amount of damages may vary among FLSA Class Members, their damages can be easily calculated by a simple formula. Moreover, their claims arise from a common nucleus of facts, and liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

31.     As such, Plaintiff brings her FLSA claims as a collective action on behalf of the following class:

> **All current and former exotic dancers who worked for Defendants at their adult entertainment club in Jane, Missouri at any time starting three years before this lawsuit was filed up to the present.**

## B.     Missouri Rule 23 Class Action

32.     Plaintiff and the Missouri Class Members incorporate all preceding paragraphs as though fully set forth herein. Plaintiff brings the MMWL and unjust enrichment claims asserted in Counts IV-V as a class action under Rule 23, on behalf of herself and all those similarly situated, as defined below.

33.     Defendants willfully violated R.S. Mo. § 290.500, *et seq*., by refusing to pay dancers minimum wages and other owed wages (such as wages confiscated via forced tip outs and stage fees).

34.     Plaintiff brings her Missouri law claims as a Rule 23 class action on behalf of the following class:

> **All current and former exotic dancers who worked for Defendants at their adult entertainment club in Jane, Missouri at any time starting three years before this lawsuit was filed up to the present.**

35. <u>Numerosity</u>. The number of members in the Missouri Class is believed to be well over 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Missouri Class as a plaintiff in this action is impracticable. The identity of the members of the Missouri Class may be determined from Defendants' employment files, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Missouri Class and Defendants.

36. <u>Typicality</u>. Plaintiff's claims are typical of the Missouri Class because, like them, she was subjected to Defendants' uniform policies and practices and was compensated in the same manner as all others in the Missouri Class. Defendants failed to pay non-exempt employees who worked at the adult entertainment club minimum wage for all of their hours worked. Plaintiff and the Missouri Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices that failed to comply with Missouri law.

37. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Missouri Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Missouri law. She has retained attorneys who are competent in both class actions and wage and hour litigation. And Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Missouri Class she seeks to represent.

38. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

a. Whether Defendants failed to pay Plaintiff and Missouri Class Members the minimum wage for all hours worked;

b. Whether Defendants failed to pay Plaintiff and Missouri Class Members an overtime rate for all hours worked;

c. Whether Defendants took wages and tips from Plaintiff and Missouri Class Members in violation of MMWL;

d. Whether Plaintiff and Missouri Class members have been subjected to the same or similar control and treatment by Defendants as outlined above; and

e. Whether Defendants failed to record the hours worked by Plaintiff and Missouri Class Members each day and each workweek fully and accurately as required under R.S. Mo. § 290.520.

39. The common issues of law include, but are not limited to:

a. Whether Defendants improperly classified Plaintiff and Missouri Class Members as independent contractors;

b. Whether Plaintiff and Missouri Class Members are entitled to compensatory damages;

c. Whether Plaintiff and Missouri Class Members have been denied overtime pay for work in excess of 40 hours per workweek;

d. The proper measure of damages sustained by Plaintiff and Missouri Class Members; and

e. Whether Defendants' actions were "willful."

8

40. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if any member of the Missouri Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Missouri Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

41. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Missouri Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency.

42. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the Defendants to prove they properly compensated their employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

43. Ultimately, a class action is a superior forum to resolve the Missouri claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Missouri Class according to applicable Missouri laws.

44. <u>Nature of notice to be proposed</u>. Plaintiff intends to give putative class members an opportunity to opt out of the Rule 23 claims if they so desire, i.e., "opt-out notice." Notice of the pendency and resolution of the claims can be given by mail, email, print, broadcast, internet, and/or multimedia publication.

## V.    COVERAGE

45.    At all material times, Defendant Hots has been an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA and § 213.010(8) of the MMWL.

46.    The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d). Accordingly, at all material times, Defendants Catroppa and Mills have also been employers within the meaning of 29 U.S.C. § 203(d).

47.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

48.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

49.    Defendant Catroppa is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) has the power to decide how employees are paid and at what hourly rate, 3) supervises, sets and controls employee work conditions, 4) is responsible for maintaining employment records, 5) sets hiring criteria for all entertainers, and 6) approves and implements all policies that regulate the work of entertainers in the club.

50.    Defendant Mills is an employer under the FLSA because she 1) has the power to hire and fire the dancers and other employees, 2) oversaw the implementation of club rules and policies on a day-to-day basis at the club including pay practices 3) supervises, sets and controls employee work conditions, 4) is responsible for maintaining employment records, 5) approves and implements all policies that regulate the work of entertainers in the club, and 6) is on the liquor license for the club to receive and sell alcohol on the premises.

51.     At all material times, Plaintiff, FLSA Class Members, and Missouri Class Members were employees as defined by 29 U.S.C. § 206-207 and R.S.Mo. § 290.500.

## VI.     FACTS

52.     Defendants operate an adult entertainment club in Jane, Missouri under the name "Hot's Gentleman's Club" ("Hot's").

53.     Defendants have employed hundreds of dancers over the years at Hot's.

54.     Defendants never paid Plaintiff Challes for any hours worked.

55.     Similarly, Defendants refused to pay Opt-In Plaintiffs and Missouri Class Members the federally-mandated minimum wage of $7.25 per hour or the state-mandated minimum wage of $9.45 per hour, effective January 1, 2020 for any hours worked. The previous minimum wages in Missouri during the statutory time period were: $8.60 per hour, effective January 1, 2019, $7.85 per hour, effective January 1, 2018, and $7.70 per hour, effective January 1, 2017.

56.     Defendants intentionally misclassified Plaintiff, FLSA Class Members, and Missouri Class Members as independent contractors to skirt their obligation to pay the applicable minimum wage.

57.     Plaintiff, FLSA Class Members, and Missouri Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at their establishment.

58.     In fact, Defendants actually charged Plaintiff, FLSA Class Members, and Missouri Class Members a "stage fee" per shift worked. In other words, they had to pay to work at the club and sometimes completed a full shift only to owe Defendants money.

11

59.     Defendants also required Plaintiff, FLSA Class Members, and Missouri Class Members to share their tips with employees of the club such as DJs, the house mom, bartenders, shot girls, and waitresses.

60.     Plaintiff, FLSA Class Members, and Missouri Class Members received tips and/or dance fees from Defendants' customers.

61.     The money received by the club after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

62.     Plaintiff Lofton was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

63.     Ms. Lofton worked on a regular basis for Defendants' establishment located in Jane, Missouri.

64.     Ms. Lofton worked at Hot's from approximately December 2016 to October 2019.

65.     During her employment, Ms. Lofton worked an average of about eight hours per shift, over six shifts per week, for a total of about 48 hours per week. Therefore, Ms. Lofton was owed overtime compensation for at least 8 hours of work rendered each week.

66.     Ms. Lofton never received any wages during her employment with Hot's.

67.     During one or more workweeks between December 2016 to October 2019, Defendants did not pay Ms. Lofton the state or federally mandated minimum wage. As an example, starting in the first week of December 2016, and continuing until the end of her employment with Hot's, Ms. Lofton was not paid a minimum wage.

68.     Not only did Defendants refuse to pay Ms. Lofton any wages, but they also required her to pay fees to the club each shift she worked.

12

69. Lastly, Defendants required Ms. Lofton to subsidize the labor costs of the club by imposing mandatory tip outs to club employees.

70. Defendants required Ms. Lofton and similarly situated dancers to pay these costs and expenses out of their own earnings, which greatly reduced what they were able to take home each day.

71. Defendants illegally classified Plaintiff and similarly situated dancers as independent contractors. However, at all times, Plaintiff, FLSA Class Members, and Missouri Class Members were employees. At all times, Defendants required Plaintiff and other dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

72. Defendants hired, fired, issued pay, supervised, directed, disciplined, and performed all other duties generally associated with that of an employer with regard to the dancers.

73. The following non-exhaustive list of Defendants' numerous restrictive policies and procedures in effect during the relevant statutory period demonstrates the dancers' status as employees:

    a.    Defendants made dancers pay a "stage fee" in order to work each shift, which increased with the time of the night;

    b.    Stage fees varied depending on the night; dancers would pay anywhere from $15-$50 per night;

    c.    Defendants unilaterally made the decision not to pay any wages to dancers;

    d.    Defendants required dancers to clock in and out at the end of each shift; when clocking out, they were fingerprinted and forced to write down that they were paid wages, even though they never were;

e.  Defendants provided the dancers with music, stages, poles, and other tools to perform dances; the dancers only provide their own bodies;

f.  Defendants mandated that dancers pay minimum tip outs of 10% of their shift earnings to the DJ, $5 to the house mom, $5 to the bartender, $5 to the shot girl, and $5 to the waitresses out of every $100 the dancer earned;

g.  Defendants also made the dancers pay a $16 jukebox fee each shift. If dancers did not pay for a song, they were required to sell buckets of Jell-O shots. If they could not sell a bucket, they would owe $1 per song;

h.  Defendants used a system that requires customers to buy "drink coins" from the dancers; drink coins are $25 each, and the dancers were required to sell at least 8 coins per shift or they would be fined or have to pay for the coins themselves;

i.  Defendants set different dance fees for the customers and took a mandatory cut of dancers' tips earned from every dance; for example, a $25 dance would be split $5 to the club and $20 to the dancer;

j.  Defendants only allowed dancers to work weekend nights if they had worked the same number of weekday nights;

k.  Defendants required dancers to dance on stage for a minimum number of songs; dancers were required to be topless and down to their smallest thong by the second song regardless of how much money was on the stage;

l.  Defendants fined dancers $25 if they did not dress up on Friday and Saturday "dress up days;"

14

m.      Dancers were required to pay the club 10% of their tips when customers paid with a credit card;

n.      Defendants fined dancers anywhere from $5 to $50 if dancers did not sit with customers;

o.      Defendants fined dancers $50 if dancers were caught using their phones during a shift;

p.      Defendants maintained the premises – including the stage, bar, and audio set up;

q.      Defendants required dancers to sign an employee handbook, but did not allow them to take a picture of it or take copies home;

r.      Defendants hired all employees of the club – the dancers, DJ's, bouncers, managers - and employed dozens of dancers at one time; and

s.      Defendants employed many dancers, including the named Plaintiff, for several months or years.

74.     Defendants intentionally misclassified Plaintiff, FLSA Class Members and Missouri Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA and State Law.

75.     Plaintiff, FLSA Class Members, and Missouri Class Members constituted a workforce without which Defendants could not perform their services.

76.     Plaintiff, FLSA Class Members, and Missouri Class Members are not exempt from minimum wage and overtime requirements under the FLSA and Missouri state labor laws.

77.     Defendants' method of paying Plaintiff, FLSA Class Members, and Missouri Class Members is willful and is not based on a good faith and reasonable belief that their conduct complied with the FLSA or state wage and hour laws.

78.     Defendants misclassified Plaintiff, FLSA Class Members, and Missouri Class Members with the sole intent to avoid paying them in accordance with the FLSA and MMWL. There are numerous court opinions finding that their method of compensation violates the FLSA and state wage and hour laws, and therefore, Defendants' conduct is willful.

## VII.     CAUSES OF ACTION

### COUNT I:
### Failure to Pay Minimum Wages and Wages Due Against All Defendants
### (FLSA Collective Action)

79.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

80.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

81.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were her "employers." As such, Defendants were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the federal minimum wage.

82.     At all times relevant, Defendants paid Plaintiff nothing for the hours she worked. In fact, when the deductions and withholdings that Defendants took from Plaintiff are factored in, Defendants often paid Plaintiff less than nothing for the hours she worked each week.

83.     Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based on good faith. 29 U.S.C. § 206.

16

84. The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay them at hourly rates in compliance with the FLSA federal minimum wage requirements.

85. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers.

86. As also alleged above, Defendants' practice of collecting stage fees from Plaintiff and other similarly situated dancers also violates the law.

87. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate or the required overtime rate apply to the Defendants or the Plaintiff.

**COUNT II:**
**Failure to Pay Overtime Against All Defendants**
**(FLSA Collective Action)**

88. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89. This count arises from Defendants' violation of the FLSA for failure to pay Plaintiff and FLSA Class Members overtime.

90. Specifically, for each hour worked more than 40 in a workweek, Plaintiff and FLSA Class Members were entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

91. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

92.     No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt their obligation to pay overtime to an dancers like Plaintiff and FLSA Class Members.

93.     Defendants' failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.

94.     As such, Defendants' conduct, as alleged herein, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

**COUNT III:**
**Unlawful Tip Sharing Against All Defendants**
**(FLSA Collective Action)**

95.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

96.     Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

97.     As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who did not customarily and regularly receive tips violates the FLSA, 29 U.S.C. § 203(m).

98.     Taking tips outside of a valid tip pool, or generally passing onto employees the cost of doing business, is illegal under the FLSA.

**COUNT IV:**
**Failure to Pay MMWL Minimum Wage and**
**Overtime Compensation Against All Defendants**
**(Rule 23 Class Action)**

99.     Plaintiff, on behalf of herself and the members of the Missouri Class, allege and incorporate by reference the paragraphs above.

18

100.    The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§290.500(3) & (4); R.S. Mo. §290.505.1.

101.    At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. §290.500 *et seq*.

102.    Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S. Mo. §290.505.1.

103.    During all times relevant to this action, Plaintiff and the Class were "employees" within the meaning of the MMWL. R.S. Mo. §§290.500(3).

104.    During all times relevant to this action, Defendants were the "employers" of Plaintiff and the Class within the meaning of the MMWL. R.S. Mo. §§290.500(3) & (4).

105.    At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Missouri Class Members.

106.    The MMWL exempts certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiff or the Class. R.S. Mo. §§290.500(3). Despite Defendant's misclassification of the dancers, none of the MMWL's exemptions apply to Plaintiff or other similarly situated dancers. *Id*.

107.    Plaintiff and the Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Class members within the time parameters described above.

108. At relevant times in the period encompassed by this Complaint, Defendants had a willful policy and practice of improperly classifying Plaintiff and dancers as independent contractors and, consequently, failing to pay these individuals the applicable minimum wage under Missouri law for each hour worked.

109. Pursuant to Defendants' compensation policies, they improperly classified dancers as independent contractors rather than pay Plaintiff and similarly situated dancers the Missouri minimum wage.

110. Defendants were not entitled to pay Plaintiff and the members of the Missouri Class less than the Missouri minimum wage for all hours worked.

111. Defendants violated and continue to violate R.S. Mo. § 290.500-290.530.

112. Due to Defendants' violations, Plaintiff, on behalf of herself and the members of the Missouri Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorney's fees, and costs.

113. The current state-mandated minimum wage is $9.45 per hour, effective January 1, 2020. The previous minimum wages in Missouri during the statutory time period were: $8.60 per hour, effective January 1, 2019; $7.85 per hour, effective January 1, 2018; and $7.70 per hour, effective January 1, 2017.

114. Plaintiff and all similarly situated dancers are entitled to damages equal to all unpaid overtime wages due within three years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. §290.527.

115. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

116.    Defendants are liable under R.S. Mo. §290.527 for Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in this action.

**COUNT V:**
**Unjust Enrichment Against All Defendants**
**(Rule 23 Class Action)**

117.    Plaintiff hereby incorporates all relevant allegations of the foregoing paragraphs as though fully set forth herein.

118.    Defendants required Plaintiff and those similarly situated to subsidize the wages of Defendants' employees that did not regularly receive tips.

119.    Moreover, Defendants required all dancers to pay a fee in order to work at the club.

120.    As such, Plaintiff and those similarly situated should have been reimbursed for all tips paid out to club employees and stage fees paid to the club. Defendants were unjustly enriched by not having to pay more to club employees that dancers were required to tip out for the benefit of Defendants only. They were unjustly enriched by unlawfully requiring the dancer employees to pay to work at their establishment.

121.    Due to the facts as pled above, Plaintiff and the class members conferred a benefit upon the Defendants, who knew of the benefit conferred and continued to retain that benefit undeservedly. Defendants voluntarily accepted and retained such a benefit because Plaintiff and similarly situated dancers worked for Defendants, were permitted to work for the business by Defendants, and because Defendants chose to maximize the business's profit at the expense of Plaintiff and Class Members.

122.    It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff and all other similarly situated dancers conferred a benefit on Defendants that they kept for themselves.

123.    Defendants' retention of these wrongfully-confiscated earnings violates fundamental principles of justice, equity, and good conscience.

124.    Plaintiff and Class members are entitled to restitution of the profits unjustly obtained by Defendants, plus interest.

## VIII.   DAMAGES SOUGHT

125.    Plaintiff, FLSA Class Members, and Missouri Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under state law and federal law.

126.    Plaintiff, FLSA Class Members, and Missouri Class Members are entitled to recover compensation for the hours they worked over 40 in a workweek for which they were not paid at the mandated overtime wage rate under federal law and state law.

127.    Plaintiff, FLSA Class Members, and Missouri Class Members are entitled to recover all of the money Defendants misappropriated, such as stage fees, fines, forced tips, and wages taken after their performance of services.

128.    Plaintiff and FLSA Class Members are entitled to an award of statutory liquidated damages in amounts prescribed by the FLSA.

129.    Plaintiff and Missouri Class Members are entitled to an award of statutory liquidated damages in amounts prescribed by R.S. Mo. § 290.527.

130.    Plaintiff, FLSA Class Members, and Missouri Class Members are entitled to Pre- and Post-Judgment interest, as provided by law.

131.    Plaintiff, FLSA Class Members, and Missouri Class Members are entitled to an award of attorneys' fees and costs under the FLSA and Mo. Rev. Stat. § 290.300.

22

## PRAYER FOR RELIEF

For all these reasons, Plaintiff, FLSA Class Members, and Missouri Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff also requests for such other and further relief to which Plaintiff, FLSA Class Members, and Missouri Class Members may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

> Respectfully submitted,
>
> /s/ *Jack McInnes*
> Jack McInnes (MO # 56904)
> MCINNES LAW LLC
> 1900 W. 75th Street, Suite 220
> Prairie Village, KS 66208
> (913) 220-2488
> (913) 347-7333 (Fax)
> jack@mcinnes-law.com
>
> AND
>
> HODGES AND FOTY, L.L.P.
>
> David W. Hodges
> Texas State Bar No. 00796765
> **Pro Hac Vice Forthcoming*
> dhodges@hftrialfirm.com
> Tina E. Gutierrez
> Texas State Bar No. 24116467
> **Pro Hac Vice Forthcoming*
> tgutierrez@hftrialfirm.com
> 4409 Montrose Blvd., Suite 200
> Houston, TX 77006
> Telephone: (713) 523-0001
> Facsimile: (713) 523-1116

23

LEAD ATTORNEYS IN CHARGE FOR PLAINTIFF AND
CLASS MEMBERS