VIOLET ✓

# LEASE AND INDEPENDENT CONTRACTOR AGREEMENT

THIS LEASE AND INDEPENDENT CONTRACTOR AGREEMENT ("Lease") is made and entered into by lessor, HOTS, Inc. which includes its past and present officers, directors, shareholders, members, executives, agents, attorneys, managers, employees, insurance companies, parent or sister companies, subsidiaries, and affiliated companies or entities (all collectively referred to as "HOTS") and lessee, _____ ("Entertainer") (collectively the "Parties") and is effective on this____ day of ____, 20___(the "Effective Date").

## STATEMENTS OF FACT

1. HOTS is the owner and has the absolute right to possess the real property and improvements located at 36 PALOMINO LN PINEVILLE, MISSOURI (the "Premises").

2. HOTS is a Retail Liquor by the drink resort.

3. Entertainer is engaged in an independent business enterprise, which relies upon Entertainer's skill, initiative, judgment, and efforts in order to achieve success and develop a following of repeat customers.

4. Entertainer uses her own efforts to invest in, develop, promote, attract, and maintain her own customers.

5. Entertainer determines her hours of performance, her schedule of performance, and the manner in which she performs or provides services, provided that Entertainer performs at least three (3) days per week, including both weekend nights, and performs during the hours that the HOTS is open on the nights selected by Entertainer.

6. Entertainer performs as a dancer and entertainer, receiving money directly from her customers and indirectly through HOTS, for which she is responsible for paying her own taxes , and insurance.

7. Entertainer is engaged in interstate commerce as a result of her work because, among other things, she advertises her dancing and entertainment using means of interstate commerce, she dances and entertains for customers from other states, and customers use interstate highways to travel to watch her dance and entertain.

_____
Entertainer Initials

November 10, 2015 Version

Case 3:20-cv-05107-MDH   Document 52-1   Filed 07/29/21   Page 1 of 15

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the Statement of Facts set forth above and the promises and covenants contained in this Lease, which the Parties recognize as mutually obligating, the Parties agree as follows:

1. **Description.**    HOTS grants to Entertainer a non-exclusive use of designated areas inside the Premises, specifically defined as the stage, seating, semi-private booths ("Booths"), private rooms ("VIP Rooms"), and dressing room areas (collectively, the "Designated Areas") to be used by Entertainer for performing stage dances, and private and semi-private dances, and all other related activities all of which will be performed in compliance with applicable local, state, and federal laws. Subject to the terms and conditions in this Lease, HOTS grants to Entertainer a non-exclusive, perpetual, non-transferable (except as provided in this Lease) lease, without any right to sublease, to use the Designated Areas to entertain and dance, and to advertise and promote her business and performances, including the use of HOTS signage, as a convenience to Entertainer to develop her own customers.

2. **Initial Term.**    Entertainer will have a non-exclusive right to use the Designated Areas on the Premises for the initial period of one (1) year from the Effective Date, unless terminated earlier according to the provisions of Paragraph 15.

3. **Renewal**.    The Lease will be automatically renewed for another one (1) year term, unless either Party terminates the Lease. HOTS is under no duty or obligation, either implied in contract or implied in fact, to renew this Lease.

4. Lease **Payments.**    Entertainer will pay for the use of the Designated Areas based upon the Lease Payments contained in Attachment I to this Lease. The Lease Payments are subject to change by HOTS. Provided, however, that if HOTS changes the Lease Payments, Entertainer may terminate this Lease under the provisions in Paragraph 15 of this Lease.

5. **Entertainment Fees**.    HOTS will establish a fixed fee for the price of private and semi-private dance entertainment provided by Entertainer, i.e., "lap dances," which may occur within a VIP Room (private room) or a Booth (semi private booth). These private and semi-private dances are collectively referred to as "Private Dances". The fixed fees for these Private Dances are referred to as "Entertainment Fees". THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT ENTERTAINMENT FEES ATTRIBUTABLE TO PRIVATE DANCES ARE NOT TIPS, GRATUITIES, OR WAGES, BUT INSTEAD ARE NON-DISCRETIONARY MANDATORY FEES THAT MEMBERS ASSUME, AND

Entertainer Initials

November 10, 2015 Version

PAY, FOR AN ENTERTAINER'S PERFORMANCE(S) OR DANCE(S). Entertainer agrees not to charge, or attempt to charge, a member more than the established Entertainment Fee for any Private Dance. However, nothing contained in this Lease limits Entertainer from receiving tips or gratuities overand- above the established Entertainment Fee for Private Dances. Any tips or gratuities made by members over-and-above the established Entertainment Fees for Private Dances are the sole property and responsibility of Entertainer. Entertainer acknowledges and agrees that HOTS provides valuable administrative services associated with receiving and processing Entertainment Fees from members, and Entertainer agrees that the Lease Payments include a reasonable fee to HOTS for these administrative services. Entertainer warrants and represents that she will accurately track and record all Entertainment Fees and tips and gratuities, on a daily basis, and will keep these records for a minimum of three (3) years after her last performance date.

6. **Subleasing.** This Lease is acknowledged to be personal in nature. This means that Entertainer has no right to sublease or to assign any of her rights or obligations in this Lease to any other person without either the express written consent of HOTS.

7. **Purposes.** HOTS, independently from Entertainer, operates a private Retail liquor by the drink resort, which distributes alcoholic beverages to its customers. HOTS enters into leases with other entertainers contractors who wish to perform live semi-nude entertainment or dances to HOTS customers and guests. Entertainer is engaged in the independent business enterprise and separate trade of professional exotic entertaining and dancing, and will use the Designated Areas for the purpose of performing artistic and exotic entertainment and dances, which include live seminudity as permitted by local, state, and federal laws. Entertainer may interact with HOTS customers in manners permitted by HOTS, and local, state, and federal laws. Entertainer benefits from the use of the Premises and Designated Areas.

8. **HOTS' Duties, Rights and Responsibilities.** HOTS will reasonably maintain the Premises, including, upon written notice of a need for repairs, making repairs to structural portions of the Premises, the stage, the dressing area, and to heating and air conditioning systems. HOTS provides music, lights, and Designated Areas, for use by Entertainer. HOTS pays for any copyright fees due relative to the music used on the Premises and since Entertainers use this music to perform, the Entertainers will pass pitchers to members to collect donations from the members for the music used on the Premises. HOTS advertises the business in a commercially reasonable manner for the benefit of the Parties to this Lease. HOTS authorizes Entertainer to advertise her services outside HOTS in any manner or fashion she so directs. Upon request, HOTS will permit Entertainer to use its name, logo, or service mark in her advertising, so long as in HOTS sole discretion, the use is not contrary to the best interests of HOTS. HOTS reserves sole

Entertainer Initials

November 10, 2015 Version

discretion to terminate its permission to Entertainer to use its name, logo, or service mark in her advertising. Continued operation of the Premises as a private membership club is an essential inducement for Entertainer to enter into this Lease as the operation of the private membership club gives Entertainer access to HOTS customers, its advertising, and its' social club atmosphere. HOTS can refuse to admit or serve any member or guest of HOTS. In addition, HOTS reserves the right to:

A. Contract with other entertainers for non-exclusive rights to use the Designated Areas and to establish schedules and reasonable procedures for use of the Premises Designated Areas shared by the entertainers, including Entertainer, on a first come first serve basis;

B. Deny Entertainer the use of the Premises Designated Areas at any given time to ensure the efficient and orderly use of the Premises Designated Areas;

C. Ensure that the Premises is used in a safe fashion and for the benefit of all entertainers and customers;

D. Deny Entertainer the use of the Premises because of Entertainer's failure to comply with reasonable procedures established by HOTS concerning Entertainer's orderly use of the Premises;

E. Give preference to entertainers who schedule entertainment times cooperatively with the needs of HOTS customer flow and business interests; and

F.  Set its hours of operation, when people, including Entertainer, can enter and exit the Premises and set the standards of conduct for all persons on the Premises.

9. **Entertainer's Duties, Rights, and Responsibilities.**    Entertainer will:

A. If Entertainer fails to pay any applicable income taxes or make any applicable withholdings, and HOTS is later required by any court, tribunal, arbitrator, or governmental agency to pay income taxes, interest, or penalties on monies generated by Entertainer while she performed on the Premises, Entertainer will pay to HOTS as damages for the breach of this obligation, a portion of Entertainment Fees generated by Entertainer equal to the amount of any taxes, interest, and penalties that HOTS is required to pay.

B. Entertainer acknowledges, understands and agrees that any conduct by her which is in violation of any applicable laws or regulations is beyond the scope of her authority pursuant to this Lease, and constitutes a material breach of the terms of this Lease.

C. Entertainer determines her hours of performance, her schedule of performance, and the manner in which she performs or provides services, provided that Entertainer performs at least three (3) days per week, including both weekend nights, and performs during the hours that HOTS is open on the

Entertainer Initials

November 10, 2015 Version

Case 3:20-cv-05107-MDH   Document 52-1   Filed 07/29/21   Page 4 of 15

selected nights. Entertainer will select, at least one week in advance, any nights that she desires to perform as a dancer and entertainer at HOTS during the following week. HOTS will schedule Entertainer for those requested times, on a space available basis. Entertainer will promptly notify HOTS of any change(s) to the Entertainer's schedule that could adversely affect Entertainer's availability. If Entertainer schedules performance times and fails to perform as scheduled, Entertainer recognizes and acknowledges that other Entertainers or HOTS may have suffered economic harm by virtue of the Designated Areas not having been used for the purposes intended. Consequently, Entertainer will pay a lost lease opportunity fee of $40 for a weekday night missed and a lost lease opportunity fee of $60 for a weekend night missed. Alternatively, or in addition to the lost lease opportunity fee, an Entertainer may be fined, or this Lease may be suspended or terminated. These lost lease opportunity fees will be paid directly to HOTS

D. Entertainer must sell four (4) HOTS level weekdays and eight (8) HOTS level drinks per weekend night. Entertainer must sell three (3) Private Dances per night during the week, and four (4) Private Dances per night on weekends. Entertainers must wear a dress when performing lap dances on the floor. Entertainers may remove the dress when performing lap dances as part of a VIP Package.

E. Entertainer warrants and represents that Entertainer will perform, and will at all times wear apparel or costumes, at levels at or above industry standards for a professional entertainer. Industry standards, include, but are not limited to, high heels. Entertainer must wear high heels at all times.

F. Entertainer may use the stage on a first-come first-serve basis with other dancers who also contract for a non-exclusive right to use the Designated Areas at the Premises.

G. Entertainer possesses the right to simultaneously enter into similar leases with other entertainment outlets, including those in direct competition with HOTS, except for those entertainment outlets that feature or utilize totally nude dancers. If an Entertainer enters into any type of relationship with an entertainment outlet that features or utilizes totally nude dancers, this Lease will be terminated immediately.

H. Entertainer is an independent contractor responsible for the unrestricted management and operation of her independent business enterprise, her working hours per day, her choice of working days, her entertainment and dance routines, costumes and personal advertising media decisions. Entertainer will provide all tools and materials for her entertainment performance according to her discretion and control.

I. Entertainer will use the Premises to perform live semi-nude ("topless") entertainment and dance, as permitted by applicable laws. She will at all times conduct herself as a professional entertainer.

Entertainer Initials

November 10, 2015 Version

J.   Entertainer acknowledges, understands, and agrees that Entertainer will be exclusively responsible for all legal fees, costs and fines associated with any prosecution arising from her violation of any applicable law or regulation.

K.   Entertainer is responsible for paying for any damages she causes to the Premises, or to HOTS personal property, furniture, fixtures, inventory, stock and or equipment.

L.   Entertainer will own and retain all intellectual property rights of her entertainment performance, including but not limited to, all copyrights and rights of publicity, except as stated in this Lease. All of these intellectual property rights become the property of HOTS if the relationship between the Parties is ever changed to that of employee employer.

M.   If Entertainer is under the age of 21 years and not performing dance entertainment, Entertainer is not permitted to stay on the Premises.

N.   Entertainer is not allowed on the Premises at any time other than when Entertainer is scheduled to entertain.

O.   Entertainer is prohibited from using body oil based lotions or products. Perfumes or fragrances are allowed provided the scent is not overpowering or transmissible to members' clothing.

P.   Entertainer agrees to allow HOTS to conduct searches of Entertainer's vehicle, locker, bag(s), purse(s), clothing, etc. while Entertainer is on the Premises and agrees to submit to alcohol and illegal drug testing, utilizing urine tests, saliva tests, blood tests, or other tests or examinations, upon HOTS request.

**10   Nature of Business.**     Entertainer acknowledges that the nature of HOTS private membership club and Entertainer's live semi-nude entertainment or dances to HOTS' members and guests may subject her to nudity and explicit language, potential sexual advances by members and guests, or other similar types of behavior. Entertainer acknowledges and agrees that even if she is offended by such conduct or actions, she assumes all risks associated with being subjected to these types of conduct or actions, and releases, to the fullest extent permitted by applicable law, any claims, demands, or causes of action she has, had, or may have had against HOTS, members, guests, or other entertainers arising from any such conduct or actions.

**11   Business Relationship of the Parties.**

A.   The parties acknowledge and represent that the business relationship created between Entertainer and HOTS is that of landlord and lessee for the joint and non-exclusive leasing of the Designated Areas (meaning that other entertainers have also leased the Designated Areas), and one of independentcontractors, and that these relationships are a material (meaning significant)part of this Lease.

Entertainer Initials

THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this Lease will not be interpreted as creating a relationship of employer and employee, principal and agent, partnership or joint venture, any other fiduciary relationship or any contract for employment. Entertainer acknowledges and represents that she is providing no services for or to HOTS, and that HOTS does not employ her in any capacity. ENTERTAINER UNDERSTANDS THAT HOTS WILL NOT PAY HER ANY HOURLY WAGE OR OVERTIME PAY, ADVANCES, OR REIMBURSE HER FOR ANY BUSINESS RELATED EXPENSES, OR PROVIDE TO HER ANY OTHER EMPLOYEE-RELATED BENEFITS, AND THAT SHE IS NOT ENTITLED TO RECEIVE ANY WORKERS' COMPENSATION BENEFITS OR ANY UNEMPLOYMENT INSURANCE BENFITS FROM HOTS. ENTERTAINER ACKNOWLEDGES THAT ENTERTAINER CAN OBTAIN HER OWN WORKERS' COMPENSATION INSURANCE OR UNEMPLOYMENT COMPENSATION INSURANCE AND THAT HOTS IS NOT RESPONSIBLE OR LIABLE FOR ANY INJURIES OR ILLNESSES ENTERTAINER SUSTAINS DURING THIS LEASE.

B. HOTS and Entertainer acknowledge and represent that if the relationship between them was that of employer and employee, HOTS would be entitled to collect and retain all Entertainment Fees paid by members, including those proportions of Entertainment Fees received by Entertainer, with respect to performances or dances by Entertainer. ENTERTAINER SPECIFICALLY ACKNOWLEDGES THAT IN THE CIRCUMSTANCE OF AN EMPLOYER/EMPLOYEE RELATIONSHIP, ALL ENTERTAINMENT FEES, OR PROPORTIONS OF ENTERTAINMENT FEES, RECEIVED BY ENTERTAINER WOULD BE THE PROPERTY OF HOTS AND NOT THE PROPERTY OF ENTERTAINER. THE PARTIES ACKNOWLEDGE AND REPRESENT THAT ENTERTAINER'S RIGHT TO OBTAIN AND KEEP ENTERTAINMENT FEES PURSUANT TO THIS LEASE IS SPECIFICALLY CONTINGENT AND CONDITIONED UPON THE BUSINESS RELATIONSHIPS OF THE PARTIES BEING THAT OF LANDLORD AND LESSEE AND INDEPENDENT CONTRACTORS.

In addition, under such an employment relationship, Entertainer would be paid on an hourly basis at a rate equal to the applicable minimum wage, reduced by the maximum of any "tip credit" that may be allowed by law. Regarding this "tip credit" under Federal law, specifically 29 U.S. Code Section 203(m), an employer may reduce minimum wage payments down to as low as $2.13 per hour as long as the tips of the employee bring the hourly income of the individual up to at least the full minimum wage rate. Applicable state wage laws may contain similar "tip credit" provisions. Entertainer would further be entitled to retain "tips" and or gratuities but not Entertainment Fees which she may collect while

Entertainer Initials

November 10, 2015 Version

performing Private Dances on the Premises, although HOTS may, depending upon the applicable law, be permitted to require Entertainer to share a portion of her tips with other tipped employees.

The Parties additionally acknowledge and represent that were the relationship between them to be that of employer and employee, Entertainer's employment would be "at will" (meaning either Entertainer or HOTS could terminate the employment relationship at any time for any reason, and with or without advance notice), and that HOTS would be entitled to control Entertainer's work schedule and the hours of work; job responsibilities; physical presentation (such as make-up, hairstyle, etc.); costumes and other wearing apparel; work habits; the selection of her customers; the nature, content, character, manner and means of her performances; and her ability to perform at other locations and for other businesses. By signing below, Entertainer represents that she desires to be able to make the choices of all of these matters herself and without the control of HOTS, and HOTS and Entertainer agree by the terms of this Lease that all such decisions are exclusively reserved to the control of Entertainer.

ENTERTAINER FURTHER SPECIFICALLY REPRESENTS THAT SHE DOES NOT DESIRE TO PERFORM AS AN EMPLOYEE OF HOTS SUBJECT TO THE EMPLOYMENT TERMS AND CONDITIONS OUTLINED IN THIS SUB-PARAGRAPH IIB, BUT RATHER, DESIRES TO PERFORM AS A LESSEE AND INDEPENDENT CONTRACTOR CONSISTENT WITH THE OTHER PROVISIONS OF THIS LEASE.

C. If any court, tribunal, arbitrator, or governmental agency determines that the relationship between the parties is something other than that of landlord lessee or independent contractors and that Entertainer is then entitled to the payment of wages from HOTS, all of the following will apply:

1    In order to ensure that HOTS is not unjustly harmed and that Entertainer is not unjustly enriched by the parties having financially operated pursuant to the terms of this Lease, HOTS and Entertainer agree that Entertainer will surrender, reimburse and pay to HOTS, all Entertainment Fees, or proportions of Entertainment Fees, as applicable under this Lease, earned by Entertainer at any time while performing on the Premises, all of which would otherwise have been received and kept by HOTS had they not been retained by Entertainer under the terms of this Lease. Any Entertainment Fees not returned by Entertainer to HOTS will be considered under the circumstances to have been timely and lawful wage payments from HOTS to Entertainer; and the relationship of the parties will immediately convert to an arrangement of employer and employee upon the terms described in Sub-Paragraph II B. In order to prevent unjust harm to HOTS, Entertainer will track and record, on a daily basis, the hours that she is on the Premises and will keep these records for a minimum of three (3) years after her last performance date.

Entertainer Initials

November 10, 2015 Version

**12      Privacy.**     HOTS will not knowingly disclose Entertainer's legal name, home address, or telephone number to any persons not associated with HOTS, except as required or permitted by law, or as directed by Entertainer.

**13. Material Breach by HOTS.**     HOTS materially (meaning significantly) breaches this Lease by:

A. Failing to provide Entertainer the Designated Areas of the Premises on any day as scheduled by Entertainer, subject to scheduling as indicated in this Lease;

B. Failing to maintain any and all required licenses and or permits;

C. Failing to maintain in full force all utilities services for the Premises;

D. Willfully, violating any federal, state, or local law or regulation in regard to the operation of the business at the Premises; or

E. Violating any public health or safety rules or concerns.

F. HOTS will not be liable for any material breach as described in this Paragraph or elsewhere in this Lease due to acts of God or to any other cause beyond the reasonable control of HOTS.

14.     **Material Breach by Entertainer. Entertainer** materially (meaning significantly) breaches this Lease by:

A. Failing to maintain any and all required licenses and or permits;

B. Violating any federal, state or local law or regulation while on the Premises;

C. Failing to appear for a scheduled set on two or more occasions in any one calendar month;

D. Failing to pay any set Lease Payment or additional Lease Payment when due;

E. Engaging in disruptive behavior while on the Premises;

F. Claiming the business relationship with HOTS as being other than that of a landlord and lessee, and independent contractors, contrary to Paragraph 11 of this Lease; or

G. Violating any public health or safety rules or concerns.

15     **Termination/Breach.**     Either party may terminate this Lease, without cause, upon three (3) days' notice to the other party. Upon Material (significant) Breach, the non-breaching party may terminate this Lease immediately, upon notice to the other party, or as otherwise provided by law. Nothing in this Paragraph, however will allow Entertainer to perform on the Premises without a valid license or permit (if applicable) or to continue to engage in conduct in violation of any laws, regulations, or public health or safety rules or concerns. Rather than or in addition to terminating this Lease for any Material Breach of this Lease by Entertainer, HOTS may, at its option and in addition to any other remedies that may be available to HOTS by law or as are contained in this Lease, take either or both the following actions:

Entertainer Initials

November 10, 2015 Version

A. Assess contract damages against Entertainer equal to fifteen percent (15 %) of all Entertainment Fees, or proportions of Entertainment Fees, received by Entertainer at any time while performing on the Premises, or actual damages, whichever is greater; or

B. Alter the relationship between the parties to that of any employment arrangement as described in Sub-Paragraph 11 B of this Lease.

16. **Indemnification.** Entertainer agrees to INDEMNIFY and HOLD HARMLESS HOTS for any and all damages, including costs and attorney fees, for any breach of any of her warranties and representations contained in this Lease.

17. **Dispute Resolution.**

a. Except as otherwise provided in this Lease, Entertainer and HOTS consent to the resolution of all claims or controversies between Entertainer and HOTS, by binding arbitration, for which a federal or state court or other disputeresolving body otherwise would be authorized to grant relief, whether arising out of, relating to, or associated with Entertainer's relationship with HOTS, whether sounding in contract, statute, tort, fraud, misrepresentation, or any other legal theory that Entertainer may have against HOTS or that HOTS may have against the Entertainer ("a Dispute");

b. Claims covered by this Lease include, but are not limited to, claims for wages or other compensation; claims for breach of contract or covenant, express or implied; tort claims; and claims for violations of any federal, state, local, or other governmental constitution, statute, ordinance, regulation, or public policy, including but not limited to the Fair Labor Standards Act of 1938, as amended, or the MISSOURI Minimum Wage Act. This Lease also covers all claims regarding the arbitrability of claims and the enforceability and or validity of this Lease.

c. Arbitration is the Parties' exclusive legal remedy.

d. The Parties are prohibited from arbitrating claims subject to this Lease as, or on behalf of, a class. The Parties understand they are waiving any right to participate in (as a member or representative) of a class action for any claims or controversies arising from, or subject to, this Lease. The Parties are also prohibited from consolidating claims subject to this Lease with claims of any other individual or entity, or of joining the claims of any other individual or entity, except upon the express written Lease of all parties, including the Parties to this Lease, expressly permitting joinder and or consolidation of claims. Entertainer agrees not to initiate or commence any action, suit or arbitration proceeding relating, in any manner whatsoever, to this Lease or to her performing at the Premises of HOTS, more than six months after Entertainer last performed at the Premises, and further agrees to waive any statute of limitations to the contrary.

_____
Entertainer Initials

November 10, 2015 Version

Case 3:20-cv-05107-MDH   Document 52-1   Filed 07/29/21   Page 10 of 15

e. If a dispute arises between HOTS and Entertainer as to whether a controversy or controversies between the Parties is subject to the Dispute Resolution provisions of this Lease, a court of appropriate and competent jurisdiction will decide whether the controversy or controversies between the Parties are subject to the Dispute Resolution provisions of this Lease.

f. This Lease, however, does not waive the right of Entertainer to file a complaint with any federal, state, or local agency designated to investigate complaints of statutory violations or similar claims.

g. Claims explicitly excluded by this Lease, include, but are not limited to, claims for workers' compensation benefits or unemployment compensation benefits.

h. Before binding arbitration, upon the written request of either Party, the Parties will attempt in good faith to settle the Dispute within 90 days of such request. If good-faith negotiations do not resolve the Dispute, either Party may demand arbitration of such Dispute by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules. There will be three neutral arbitrators and the place of arbitration will be Mcdonald County, Missouri. Judgment on the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Each Party shall bear its own costs and expenses in the arbitration, including attorneys' fees, and the costs and expenses of the arbitration shall be borne equally by the Parties. Any award of the arbitrators will include interest, unless the arbitrators determine that interest is not appropriate. All statutes of limitations that would otherwise be applicable will apply to any arbitration proceeding. The right and obligation to arbitrate will survive the termination of this Lease.

i. To the extent permitted by law, the Parties voluntarily, knowingly, and intelligently waive any right they may have to seek remedies in court or other forums, including the right to a jury trial. The purpose of this Dispute Resolution provision is to substitute arbitration as the forum for resolution of a Dispute. The Parties agree they will submit a Dispute or Disputes to final and binding arbitration, as governed by the Federal Arbitration Act and the rules of the AAA.

j. This Paragraph survives termination of this Lease.

18. **Assignment.**     Neither this Lease nor any of the rights, interests or obligations contained in this Lease will be assigned or assignable, by sublease, operation of law or otherwise, by Entertainer, except with express, informed, and written consent of Hots.

19. **Entire Agreement.**     This Lease contains the entire understanding of the Parties. This Lease supersedes any prior agreements or understandings relating to the transactions contemplated in or by this Lease. No statements, promises or representations have been made by any Party to the other, or are relied upon, and no consideration has been or is offered, promised, or expected, other than that already received, or contained in this Lease. Any modifications to this Lease must be in a writing signed by both Parties. Entertainer represents

Entertainer Initials

November 10, 2015 Version

and agrees that she has carefully ready and fully understands all of the provision of this Lease, and that she is voluntarily entering into this Lease.

20. **Governing Law.** This Lease will be construed in accordance with, and governed by, the laws of the State of Missouri.

21. **Waiver.** The failure of either Party to this Lease to insist upon strict performance of any of the covenants and agreements contained in this Lease or to exercise any right conferred in this Lease in any one or more instances, will not be construed to be a waiver or relinquishment of any such right, or any other covenant or agreement, but the same will be and remain in full force and effect.

22. **Severability.** If any court or arbitrator finds any provision of this Lease to be less than fully enforceable due to its breadth or restrictiveness, or for any other reason, Entertainer and HOTS intend for the court or arbitrator to enforce the provision to the fullest extent permissible. HOTS has the right to seek less than full enforcement of any provision of this Lease. If any part of this Lease is held to be void or unenforceable, such part will be treated as severable, leaving the remainder of this Lease valid, notwithstanding the part or parts found void or unenforceable.

23. **Binding Effect.** This Lease will inure to and be binding upon the heirs, executors, administrators, successors and assigns of the respective Parties, subject, however, to the provision in this Lease restricting assignment.

The Parties executed this Lease as of the Effective Date.

**ENTERTAINER ACKNOWLEDGES THAT ENTERTAINER HAS READ AND REVIEWED THIS LEASE, INCLUDING ATTACHMENTS 1 AND 2, IN ITS ENTIRETY, THAT ENTERTAINER HAS BEEN GIVEN AN OPPORTUNITY TO ASK HOTS ANY QUESTIONS OR EXPRESS ANY CONCERNS ABOUT THIS LEASE, THAT ANY QUESTIONS OR CONCERNS HAVE BEEN ANSWERED TO ENTERTAINER'S SATISFACTION, AND THAT ENTERTAINER HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF ENTERTAINER'S CHOICE PRIOR TO SIGNING AND ENTERING INTO THIS LEASE. ENTERTAINER ACKNOWLEDGES THAT ENTERTAINER UNDERSTANDS THE TERMS AND CONDITIONS OF THIS LEASE AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.**

**ENTERTAINER ACKNOWLEDGES THAT THIS LEASE REPLACES AND SUPERSEDES ANY PRIOR AGREEMENT OR LEASE BETWEEN THE PARTIES, AND SINCE THIS LEASE IS THE MOST ACCURATE DESCRIPTION OF THE NATURE OF THE RELATIONSHIP OF THE PARTIES, AND REPRESENTS WHAT THE "MEETING OF THE MINDS" HAS BEEN SINCE THE PARTIES ESTABLISHED THEIR RELATIONSHIP, THE TERMS AND CONDITIONS IN THIS LEASE ARE DEEMED EFFECTIVE**

Entertainer Initials

November 10, 2015 Version

**FROM THE DATE OF ANY PRIOR LEASE OR RELATIONSHIP BETWEEN THE PARTIES, SHOULD ONE EXIST.**

ENTERTAINER

Name: _Charles Cotton_____

     (Printed Name)

Signed: _____

     Signature of Entertainer

Stage Name: _Velvet_____

Date: _5-18-17_____

Address: _13019 Salmon Ln_____

_Hill Shop NC_____

_____

Phone No.: _917-312-1374_____

**WITNESSED BY:**

Name: _____

     (Printed Name)

Signed: _____

Date: _____

HOTS INC.

Name: _____

     (Printed Name)

Signed: _____

_____
Entertainer Initials

November 10, 2015 Version

Title: _____

# CLUB HOTS, INC.
# ENTERTAINER/LESSEE INFORMATION SHEET

NAME: _Charles Lofton_____

ADDRESS: _10019 Jackson Neosho MO  61850_
    City                    State         Zip

PHONE: _417-312-1374_____

DATE OF BIRTH: _9-9-96_____

_Cl_____
Entertainer Initials

Page **14** of **15**

November 10, 2015 Version

IN CASE OF EMERGENCY NOTIFY:

NAME: ~~Ata~~ Jonathon Kershaw PHONE: 417-592-4351

MARITAL STATUS: MARRIED _____ SINGLE __X__ DIVORCED _____ OTHER _____

STAGE NAME: Christi _____

HEIGHT: 5 , 3 _____

WEIGHT: 135 _____

EYE COLOR: blue _____

A COPY OF YOUR DRIVERS LICENSE WILL BE ATTACHED TO THIS INFORMATION SHEET.

_____
Entertainer Initials

Page **15** of **15**

November 10, 2015 Version